WMP:WK/JPL
F. #2011R02049

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -               15 CR  617  (CBA)

TISHMAN CONSTRUCTION
CORPORATION,

            Defendant.

- - - - - - - - - - - - - - - - - X

### DEFERRED PROSECUTION AGREEMENT

        The defendant TISHMAN CONSTRUCTION CORPORATION ("TISHMAN

CONSTRUCTION"), by its undersigned Director, Michael Kolloway, and by its undersigned

attorneys, Boyd M. Johnson III, Esq. and E. Scott Schirick, Esq., all of whom are acting pursuant

to authority granted by TISHMAN CONSTRUCTION's Board of Directors in the form of a

Board Resolution (a copy of which is attached hereto as Exhibit A), and the United States

Attorney's Office for the Eastern District of New York (the "Office") hereby enter into this

Deferred Prosecution Agreement (the "Agreement"). Except as specifically provided below, and

in accordance with the provisions specific in paragraphs 12 through 24, this Agreement shall be

in effect for a period of 24 months.

### Information

        1.      The United States will file an Information (the "Information," a copy of

which is attached hereto as Exhibit B and incorporated herein by reference) in the United States

District Court for the Eastern District of New York charging TISHMAN CONSTRUCTION with

conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Section 1349. By executing this Agreement, TISHMAN CONSTRUCTION waives any and all rights it has to have the crimes charged in the Information presented to a grand jury and prosecuted by indictment and waives any and all objections to venue and applicable statutes of limitations. This waiver is knowing, voluntary and in express reliance on the advice of TISHMAN CONSTRUCTION's counsel.

Acceptance of Responsibility

2.      TISHMAN CONSTRUCTION accepts and acknowledges as true the facts set forth in the Information. TISHMAN CONSTRUCTION acknowledges that, as a result of the conduct of certain individuals employed by TISHMAN CONSTRUCTION during the relevant time period of at least 1999 through approximately October 2009 (the "Unlawful Conduct"), TISHMAN CONSTRUCTION engaged in, and is criminally culpable for, the charged violation of Title 18, United States Code, Section 1349.

3.      TISHMAN CONSTRUCTION accepts responsibility for the Unlawful Conduct set forth in the Information by entering into this Agreement and by, among other things: (a) continuing the remedial actions and enhanced internal controls that TISHMAN CONSTRUCTION has taken to date and will take (described in paragraph 4 below); (b) TISHMAN CONSTRUCTION's continuing commitment to full cooperation (described in paragraphs 6 through 8 below) with the Office and its law enforcement agency partners including, without limitation, the Port Authority of New York and New Jersey, Office of Inspector General; the Federal Bureau of Investigation; the United States General Services Administration, Office of Inspector General; the United States Department of Labor, Office of Inspector General; and the New York City Department of Investigation (collectively, the

"Investigating Agencies"); (c) TISHMAN CONSTRUCTION's agreement to fulfill all of the undertakings TISHMAN CONSTRUCTION has made in this Agreement, including (i) to continue to pay restitution up to a total amount of five million, six hundred and fifty-thousand, nine hundred and seventeen dollars and ninety-seven cents ($5,650,917.97) to the victims of the overbilling scheme described in the Information (described in paragraph 9 below), and (ii) to pay a financial penalty in the amount of fourteen million, five hundred and eighty-thousand dollars ($14,580,000) (described in paragraph 10 below); and (d) TISHMAN CONSTRUCTION's agreement to comply in the future with all applicable law and regulations including federal, state and local criminal laws and construction contracting laws and regulations.

Remedial & Other Measures

4.      TISHMAN CONSTRUCTION represents that it has taken remedial measures in response to the Unlawful Conduct at TISHMAN CONSTRUCTION that has been discovered in course of the Office's investigation and has taken additional measures, not in response to any unlawful conduct.  These actions have included and will include:

(a)      making relevant organizational changes, including (i) creating the position of Compliance Director who reports to an officer of TISHMAN CONSTRUCTION's ultimate parent company and has full access to the Boards of Directors of TISHMAN CONSTRUCTION and its ultimate parent company, and whose responsibilities include monitoring compliance with federal, state and local laws and regulations and with union payroll and client billing policies, and (ii) retaining an accounting firm to audit new Time Sheet/Billing policies;

(b)      adopting its parent company's Code of Conduct and revising its Time Sheet/Billing policies to require and ensure that (i) union labor hours and hourly rates are

accurately recorded on time sheets and clients are billed only for hours worked, and at rates in

accordance with contracts and applicable collective bargaining agreements, unless specifically

disclosed to, and approved by, the client in advance and in writing, and (ii) certified payrolls

accurately reflect the hours worked by, and hourly rates of, all union labor;

        (c)     providing effective training of the Code of Conduct and Time

Sheet/Billing policies, including the requirements and revisions identified in paragraph 4(b)

above, to all relevant TISHMAN CONSTRUCTION officers and employees, and notifying

union laborers used by TISHMAN CONSTRUCTION that only hours actually worked are

permitted to be recoded on their time sheets; and

        (d)     continuing the enforcement of enhanced union time sheet

recording and billing procedures. Specifically, TISHMAN CONSTRUCTION will, pursuant to

formal written policy:

        (i)     only permit hours actually worked be recorded on time
                sheets and paid to TISHMAN CONSTRUCTION's union
                workers;

        (ii)    notify its subcontractors that only hours actually worked
                are permitted to be recorded on time sheets and paid to the
                subcontractors' union workers;

        (iii)   require each of TISHMAN CONSTRUCTION's union
                workers to certify the accuracy of all hours recorded on his
                or her time sheets by signing them. For projects that
                receive any public funding, each of the time sheets shall
                contain a warning that information provided on the time
                sheet will be provided to the government and that any false
                statement could constitute a violation of 18 U.S.C. § 1001,
                or the applicable state or local law analogue;

        (iv)   require that each of TISHMAN CONSTRUCTION's union
                workers' time sheets be approved by the foreman as well as
                two additional levels of supervisors (e.g., superintendent
                and project manager) and that each of its foremen's time
                sheets be approved by two additional levels of supervisors;

(v)    require TISHMAN CONSTRUCTION's foremen, and any supervisors approving time sheets as described in subparagraph (iv) above, to maintain independent daily records to verify the accuracy of the time sheets;

(vi)    require TISHMAN CONSTRUCTION's foremen, and any supervisors approving time sheets as described in subparagraph (iv) above, to review time sheets with other project-related documents to verify the accuracy of hours entered; and

(vii)    prohibit TISHMAN CONSTRUCTION's payroll department from processing any time sheet that does not have the requisite approvals.

In addition, TISHMAN CONSTRUCTION will:

(viii)    train TISHMAN CONSTRUCTION's site superintendents, project managers and any other employees approving time sheets as described in subparagraph (iv) above, on the requirements of a certified payroll on public works or publically funded projects;

(ix)    maintain the Compliance Director position, whose core functions during the 24-month period of this Agreement will include verifying that the Time Sheet/Billing policies are being followed at all levels. The Compliance Director or his/her designee will conduct regular visits to the project sites, observe actual procedures being followed at the sites, and inquire from union workers, site superintendents, project managers, and any other supervisors approving time sheets as described in subparagraph (iv) above, about their actual implementation of the Time Sheet/Billing policies. The Compliance Director or his/her designee will also conduct regular reviews of union members' hours in an attempt to spot unexplained trends, anomalies or other indicia of fraud or inaccuracy. The Compliance Director will report to an officer of TISHMAN CONSTRUCTION's parent company. TISHMAN CONSTRUCTION will provide to the Office an update reporting the Compliance Director's activities and findings every three months, or more often upon request of the Office, during the 24-month period of this Agreement; and

6

       (x)    although the Office's investigation did not reveal any
unlawful conduct concerning TISHMAN
CONSTRUCTION's use of Minority Business Enterprises,
Disadvantaged Business Enterprises, Women-Owned
Business Enterprises and Small Business Enterprises
(collectively, "MDWSBEs"), TISHMAN
CONSTRUCTION represents that, in addition to its
measures to remediate the Unlawful Conduct, it will
implement additional controls concerning the use of
MDWSBEs. The purpose of these additional controls is to
ensure that TISHMAN CONSTRUCTION, and all
MDWSBEs with which it has a subcontract, remain in
compliance with all applicable rules and regulations,
including but not limited to the requirement that
MDWSBEs perform a "commercially useful function."
Furthermore, these additional controls will include a
training component for all managerial employees who
oversee MDWSBEs, whether directly or indirectly.

     5.    TISHMAN CONSTRUCTION agrees: (a) that any policies, procedures or

other remedial measures identified in paragraph 4 that have not already been implemented will

be implemented within 30 days following the date of the execution of this Agreement (unless

otherwise extended with the prior written approval of the Office), except that as to the training

component of each of the remedial measures set forth in paragraph 4(d)(x) of this Agreement,

such training shall be completed within 90 days following the date of the execution of this

Agreement; (b) that it will maintain all policies, procedures and other remedial measures

identified in paragraph 4 so long as this Agreement is in effect; and (c) that it will retain all

documentation generated in connection with the revised billing procedures so long as this

Agreement is in effect.

## Continuing Obligation of Cooperation

     6.    TISHMAN CONSTRUCTION acknowledges and understands that its

prior, ongoing and future cooperation is an important and material factor underlying the Office's

decision to enter into this Agreement, and therefore TISHMAN CONSTRUCTION agrees to

cooperate fully and actively with the Office and the Investigating Agencies regarding any matter about which the Office or the Investigating Agencies may inquire.

       7.     During the term of this Agreement, TISHMAN CONSTRUCTION agrees that its continuing cooperation shall include, but not be limited to, the following:

       (a)     completely and truthfully disclosing all documents, materials or information in its possession about which the Office or the Investigating Agencies may inquire, including but not limited to all information about TISHMAN CONSTRUCTION's activities and those of its officers, employees and agents;

       (b)     assembling, organizing and providing all documents, records and other evidence in its possession, custody or control, wherever located, as reasonably may be requested by the Office or the Investigating Agencies;

       (c)     proactively disclosing to the Office all information concerning any criminal wrongdoing or suspected criminal wrongdoing of any kind, which has not yet been disclosed to the Office, and which is either currently in TISHMAN CONSTRUCTION's possession or which may come into its possession in the future, including conduct of the type alleged in this Agreement;

       (d)     using its reasonable best efforts to make available its present and former officers and employees to provide information and/or testimony as requested by the Office and/or the Investigating Agencies, including sworn testimony before a grand jury or in court proceedings, as well as interviews with law enforcement authorities. Cooperation under this paragraph shall include identification of witnesses who, to the knowledge of TISHMAN CONSTRUCTION, may have material information regarding the Unlawful

8

Conduct, and providing records which may contain material information regarding the Unlawful Conduct;

(e)     providing testimony or information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or other proceeding as requested by the Office;

(f)     with respect to any information, testimony, documents, records or physical evidence provided by TISHMAN CONSTRUCTION, consenting to any and all disclosures of such materials to the Office and the Investigating Agencies as the Office, in its sole discretion, deems appropriate. With respect to any such materials that constitute "matters occurring before the grand jury" within the meaning of Rule 6(e) of the Federal Rules of Criminal Procedure, TISHMAN CONSTRUCTION further consents to (i) any order sought by the Office permitting such disclosures, and (ii) the Office's ex parte or in camera application for such orders; and

(g)     providing active assistance, including assistance by TISHMAN CONSTRUCTION's counsel, in connection with any investigation, criminal prosecution, civil trial or other legal proceeding brought by the Office.

8.     TISHMAN CONSTRUCTION agrees that it will continue to fulfill the cooperation obligations set forth in paragraph 7 above in connection with any investigation, criminal prosecution and/or civil proceeding brought by the Office relating to or arising out of the Unlawful Conduct set forth in the Information. TISHMAN CONSTRUCTION's obligation to cooperate is not intended to apply in the event that it is charged as a defendant in a criminal or civil proceeding. Notwithstanding the foregoing, TISHMAN CONSTRUCTION does not waive

any privilege it may have with respect to any documents now or hereafter subject to the attorney-client privilege, the attorney work-product doctrine or other recognized legal privilege.

Payment of Restitution

9.      In addition to any payments required in connection with any current or future non-criminal proceedings by agencies not party to this Agreement or by branches of the Department of Justice other than the Office, TISHMAN CONSTRUCTION agrees to make restitution to the victims of the scheme identified in the Information as set forth below. TISHMAN CONSTRUCTION will make an offer of restitution to each of the victims in the amounts agreed to by the parties and cumulatively totaling five million, six hundred and fifty-thousand, nine hundred and seventeen dollars and ninety-seven cents ($5,650,917.97). To the extent that TISHMAN CONSTRUCTION has already made restitution payments, those payments will be deducted from the offers of restitution to be made.

(a)      Within 30 days of the date of execution of this Agreement, TISHMAN CONSTRUCTION will contact each victim that is eligible for restitution via letter, the contents of which must be approved by the Office. TISHMAN CONSTRUCTION will advise each victim that restitution is available in the amount agreed to by the parties.

(b)      To the extent that any victim declines to claim the offered restitution within 12 months of the date of execution of this Agreement, TISHMAN CONSTRUCTION will be absolved of this Agreement's requirement to pay such restitution.

Payment of a Financial Penalty to the United States

10.      In addition to any payments required in connection with any current or future non-criminal proceedings by agencies not party to this Agreement or by branches of the Department of Justice other than the Office, and in addition to the restitution obligation set forth

in paragraph 9, TISHMAN CONSTRUCTION agrees to pay fourteen million, five hundred and eighty-thousand dollars ($14,580,000) as a financial penalty as directed by the Office. TISHMAN CONSTRUCTION agrees to pay the penalty according to the following schedule: the first five million dollar ($5,000,000) payment within 90 days of the date of the execution of this Agreement; the second five million dollar ($5,000,000) payment within one year of the date of the execution of this Agreement; and the remaining balance within two years of the execution of this Agreement.

11.     TISHMAN CONSTRUCTION agrees that it will not, in connection with the financial penalty described in paragraph 10, seek, obtain or accept any reimbursement or other payments or credits from any insurer of TISHMAN CONSTRUCTION or of any of its divisions or subsidiaries. TISHMAN CONSTRUCTION also agrees that it will not seek, obtain or accept any tax deduction in connection with the financial penalty described in paragraph 10.

Deferral of Prosecution

12.     In consideration of TISHMAN CONSTRUCTION's remedial actions to date and its commitment to: (a) accept and acknowledge responsibility for its conduct; (b) continue its cooperation with the Office and the Investigating Agencies as described in paragraphs 6 through 8; (c) make restitution available to victims as set forth in paragraph 9; (d) make the payment of a financial penalty to the United States of America as set forth in paragraph 10; (e) comply in the future with all applicable laws, including federal, state and local criminal laws and construction contracting laws and regulations; and (f) otherwise comply with all of the terms of this Agreement, the Office shall, at the time it files the Information, simultaneously file a joint motion with TISHMAN CONSTRUCTION pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution for a period of 24 months and to obtain an exclusion

11

of time under the Speedy Trial Act to allow TISHMAN CONSTRUCTION to demonstrate good

conduct and compliance with the terms of this Agreement. By executing this Agreement and

joining in said motion, TISHMAN CONSTRUCTION expressly waives all rights to a speedy

trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States

Code, Sections 3161 et seq., Rule 48(b) of the Federal Rules of Criminal Procedure, and any

other applicable statutes or rules, including the Local Rules of the United States District Court

for the Eastern District of New York for the period during which this Agreement is in effect.

This waiver in knowing, voluntary and in express reliance on the advice of TISHMAN

CONSTRUCTION's counsel.

13.     The Office agrees that, if TISHMAN CONSTRUCTION remains in

compliance with all of its obligations under this Agreement for the 24-month period identified in

paragraph 12, this Agreement shall expire and the Office will, within 30 days of the expiration of

this Agreement, move the Court pursuant to Rule 48(a) of the Federal Rules of Criminal

Procedure to dismiss the Information with prejudice. Except in the event of a breach of this

Agreement, the Office will bring no additional charges against TISHMAN CONSTRUCTION

relating to or arising out of the Unlawful Conduct set forth in the Information.

14.     TISHMAN CONSTRUCTION understands and agrees that should the

Office, in its sole discretion, determine that TISHMAN CONSTRUCTION has deliberately

given false, incomplete, or misleading information under this Agreement, has otherwise

deliberately violated any provisions of this Agreement or has committed, or attempted to

commit, any crime other than those set forth in the Information, then TISHMAN

CONSTRUCTION will be subject to prosecution for any crimes of which the Office has

knowledge and jurisdiction to prosecute, including prosecution relating to the Unlawful Conduct

set forth in the Information. Any such prosecution may be premised on any information provided by or on behalf of TISHMAN CONSTRUCTION to the Office or to the Investigating Agencies at any time. Moreover, TISHMAN CONSTRUCTION agrees that any such prosecution relating to the allegations in the Information that are not time-barred by the applicable statute of limitations as of the date of the execution of this Agreement, including by reason of tolling agreement between the Office and TISHMAN CONSTRUCTION entered into on October 10, 2013 and thereafter extended on March 14, 2014, June 24, 2014, September 24, 2014, and July 23, 2015, may be commenced against TISHMAN CONSTRUCTION, notwithstanding the expiration of any applicable statute of limitations between the date of the execution of this Agreement and the expiration of this Agreement under paragraph 12. By this Agreement, TISHMAN CONSTRUCTION expressly intends to and does waive any and all rights in this respect. This waiver is knowing, voluntary and in express reliance on the advice of TISHMAN CONSTRUCTION's counsel. Moreover, the commission of an additional crime by TISHMAN CONSTRUCTION shall constitute a breach of this agreement.

15.     Furthermore, it is agreed that if the Office, in its sole discretion, determines that TISHMAN CONSTRUCTION has committed any crime or otherwise violated any provision of the Agreement:

(a)     this Agreement and the Information are admissible in any future court proceedings by the Office against TISHMAN CONSTRUCTION as an admission by TISHMAN CONSTRUCTION; all statements made by or on behalf of TISHMAN CONSTRUCTION or any of its officers, directors or employees to the Office or the Investigating Agencies, including its admission that the facts set forth in the Information are true and accurate, and/or any testimony given by TISHMAN CONSTRUCTION or any of its

officers, directors or employees before a grand jury or elsewhere, whether before or after the date

of execution of this Agreement, and any leads derived from such statements or testimony, shall

be admissible in evidence in any and all criminal proceedings brought by the Office against

TISHMAN CONSTRUCTION; and

        (b)     TISHMAN CONSTRUCTION shall not assert any claim under the

United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of

the Federal Rules of Evidence or any other statute or federal rule that statements made by or on

behalf of TISHMAN CONSTRUCTION before or after the date of execution of this Agreement,

or any leads derived therefrom, should be suppressed. However, nothing in this Agreement shall

constitute a waiver of any Confrontation Clause rights under the Sixth Amendment to the United

States Constitution that TISHMAN CONSTRUCTION may have.

        16.     TISHMAN CONSTRUCTION agrees that it shall not, through its

attorneys, Board of Directors, agents or employees, make any public statement, in litigation or

otherwise, contradicting the facts set forth in the Information, its admission that those facts

established the elements of offenses charged in the Information, and its acceptance of

responsibility for the acts of its officers, directors and employees described in the Information.

Any such contradictory statement by TISHMAN CONSTRUCTION, its present or future

attorneys, officers, directors, agents, or employees shall constitute a breach of this Agreement

and TISHMAN CONSTRUCTION thereafter shall be subject to prosecution as specified in

paragraphs 12 through 15. The decision as to whether any such contradictory statement will be

imputed to TISHMAN CONSTRUCTION for the purpose of determining whether TISHMAN

CONSTRUCTION has breached this Agreement shall be at the sole discretion of the Office.

Upon receipt of notification by the Office of any such contradictory statement, TISHMAN

14

CONSTRUCTION may avoid a finding of a breach of this Agreement by publicly repudiating such statement within 72 hours after receipt of notice by the Office. This paragraph shall not apply to any statement made by any current or former TISHMAN CONSTRUCTION director, officer or employee who is under investigation or has been charged with a crime or other wrongdoing by the Office or by any other federal, state or local agency.

17. TISHMAN CONSTRUCTION agrees that the decision whether conduct or statements of any individual will be imputed to TISHMAN CONSTRUCTION for the purpose of determining whether TISHMAN CONSTRUCTION has knowingly, intentionally and materially violated any provision of this Agreement shall be in the sole discretion of the Office. If the Office determines that TISHMAN CONSTRUCTION has committed a knowing, intentional and material breach of any provision of this Agreement, the Office shall provide written notice of the alleged breach to TISHMAN CONSTRUCTION, through its counsel, Boyd M. Johnson III, Esq. and E. Scott Schirick, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007, or to any successor counsel that TISHMAN CONSTRUCTION may designate, and provide TISHMAN CONSTRUCTION with a two-week period from the date of receipt of such notice in which to make a presentation to the Office, or its designee, to demonstrate that no breach has occurred, or, to the extent applicable, that the breach was not knowing, intentional or material, or has been cured. Upon request by TISHMAN CONSTRUCTION, the Office may, in its sole discretion, agree in writing to extend this two-week period, including to provide TISHMAN CONSTRUCTION with an opportunity to cure any breach of this Agreement. The parties to this Agreement expressly understand and agree that if TISHMAN CONSTRUCTION fails to make a presentation to the Office, or its designee, within the two-week period (or other period agreed to

15

by the Office), the Office may, in its sole discretion, conclusively presume that TISHMAN

CONSTRUCTION is in knowing, intentional and material breach of this Agreement. The

parties further understand and agree that the exercise of discretion by the Office under this

paragraph is not subject to review in any court or tribunal or any other office within the United

States Department of Justice.

18.     Except to the extent permitted by the Office, TISHMAN

CONSTRUCTION agrees that if, during the term of this Agreement, it sells or merges all or

substantially all of its business operations as they exist as of the date of this Agreement to or into

a single purchaser or a group of affiliated purchasers, TISHMAN CONSTRUCTION shall

include in any contract for sale, plan of reorganization, or merger, a provision binding the

purchaser/successor to TISHMAN CONSTRUCTION's obligations described in this Agreement,

provided however that the obligations imposed by this Agreement will not extend to the

governance and operation of a purchasing or investing entity that acquires some or all of

TISHMAN CONSTRUCTION's stock, as long as that entity maintains TISHMAN

CONSTRUCTION as a separate corporate entity. The Office agrees that if a mortgagee that is

wholly independent of TISHMAN CONSTRUCTION's current Board of Directors, officers,

employees and shareholders takes ownership of TISHMAN CONSTRUCTION through

foreclosure, the obligations imposed by this Agreement will not extend to that mortgagee.

19.     It is understood that this Agreement is binding on TISHMAN

CONSTRUCTION and the Office, but specifically does not bind any other federal agencies, any

state or local law enforcement agencies, or any licensing or regulatory authorities. However, if

requested by TISHMAN CONSTRUCTION or its attorneys, the Office will bring to the attention

of any such agencies, including but not limited to any licensing authorities, this Agreement,

16

TISHMAN CONSTRUCTION's cooperation and its compliance with its obligations under this Agreement, and any reforms specified in this Agreement. It is the intent of the parties to this Agreement that this Agreement does not confer or provide any benefits, privileges or rights to any individual or entity other than the parties hereto, and that this Agreement, including its attachments, shall be admissible in any proceeding brought by the Office. Moreover, TISHMAN CONSTRUCTION may raise defenses or assert affirmative claims in any civil proceedings brought by private parties as long as doing so does not otherwise violate any term of this Agreement.

20.     Except as set forth herein, this Agreement in no way limits or affects any right, including right of inspection and/or enforcement, held by the United States or any other governmental body, pursuant to applicable federal, state, or local laws, regulations, or permits. In addition, nothing herein shall be read in any way to alter, affect, abrogate, or impair the ability and obligation of the United States to take any investigative or enforcement action for any future conduct, including but not limited to any administrative, civil, or criminal enforcement action, or to make any inquiry of TISHMAN CONSTRUCTION concerning any present or future alleged violation of federal law, regulation or order.

21.     The Office has concluded that deferring prosecution is appropriate because deferral will likely meet all of the goals of prosecution. This conclusion is based on TISHMAN CONSTRUCTION's cooperation, its acceptance of responsibility, the remedial actions already voluntarily taken by TISHMAN CONSTRUCTION, the remedial actions TISHMAN CONSTRUCTION has committed to undertake in this Agreement, and TISHMAN CONSTRUCTION's assurances that it intends to become a model of integrity in the construction industry in New York City.

22.     TISHMAN CONSTRUCTION and the Office agree that, upon the filing
of the Information in accordance with paragraphs 1 and 12, this Agreement (including its
attachments) shall be publically filed in the United States District Court for the Eastern District
of New York.

23.     This agreement does not bind any federal, state, or local prosecuting
authority other than the Office, and does not prohibit the Office from initiating or prosecuting
any civil or administrative proceedings directly or indirectly involving TISHMAN
CONSTRUCTION.

24.     This Agreement sets forth all the terms of the agreement between
TISHMAN CONSTRUCTION and the Office.  No modifications or additions to this Agreement
shall be valid unless they are in writing and signed by the Office, TISHMAN
CONSTRUCTION's attorney, and a duly authorized representative of TISHMAN
CONSTRUCTION.  This Agreement supersedes all prior promises, agreements or conditions
between the parties, except for the tolling agreement entered into on October 10, 2013
and thereafter extended on March 14, 2014, June 24, 2014, September 24, 2014 and July 23,

2015.  To become effective, this Agreement must be signed by all signatories listed below.  This

Agreement may be signed in counterparts.

Dated:        Brooklyn, New York
              Nov. 27    , 2015

                              ROBERT L. CAPERS
                              United States Attorney
                              Eastern District of New York

              By:     _____
                              Whitman G.S. Knapp
                              Assistant United States Attorney
                              Jonathan P. Lax
                              Special Assistant United States Attorney

                              _____
                              Winston Paes
                              Chief, Business & Securities Fraud Section


                              Agreed and Consented To By:
                              TISHMAN CONSTRUCTION CORPORATION

              By:     _____
                              Michael Kolloway
                              Director


                              Approved By:
                              WILMER CUTLER PICKERING HALE
                                  AND DORR LLP
                              Attorneys for TISHMAN CONSTRUCTION

              By:     _____
                              Boyd M. Johnson III, Esq.
                              E. Scott Schirick, Esq.
                              7 World Trade Center
                              250 Greenwich Street
                              New York, New York 10007

**RESOLUTION OF THE BOARD OF DIRECTORS OF TISHMAN CONSTRUCTION CORPORATION**

The undersigned, being the Directors of the Corporation, do hereby adopt, confirm and consent to the resolutions set forth below, such resolutions to be effective as if they had been adopted at a meeting of the Board of Directors duly called and held:

WHEREAS, the Corporation has agreed to enter into that certain Deferred Prosecution Agreement (the "DPA") between the Corporation and the United States of America dated as of November 27, 2015; and

WHEREAS, the Board of Directors of the Corporation have reviewed the DPA and approve the terms and conditions of such DPA;

NOW THEREFORE BE IT:

RESOLVED, that the DPA is hereby approved by the Board of Directors and the Corporation is hereby authorized to execute and deliver the DPA to the United States of America and the Corporation is authorized to perform its obligations arising from the DPA;

RESOLVED FURTHER, that any director of the Corporation shall be and is hereby authorized, empowered and directed to execute, on behalf of the Corporation, the DPA in the form reviewed by the Board of Directors;

RESOLVED FURTHER, that any director of the Corporation, shall be and is hereby authorized, empowered and directed to execute, on behalf of the Corporation, all documents and notices to be executed and delivered by the Corporation under or in connection with the DPA;

RESOLVED FURTHER, that all actions taken and expenses incurred by any director of the Corporation heretofore in furtherance of any actions authorized by the foregoing resolutions hereby are expressly ratified, confirmed, adopted and approved in all respects, and the Board of Directors acknowledge that the resolutions contained herein may supersede prior resolutions adopted by the Board of Directors to the extent such resolutions are inconsistent with the actions taken herein.

IN WITNESS WHEREOF, the undersigned directors have executed this consent, to be effective as of November 27, 2015.

Michael Kolloway,

Daniel P. McQuade

MINUTES OF THE

BOARD OF DIRECTORS OF

TISHMAN CONSTRUCTION CORPORATION

A Special Meeting of the Board of Directors of Tishman Construction Corporation, a DE Corporation (the "Company") was held on Friday, November 27, 2015 at 10:00 a.m.

I.      A Quorum was declared present based on the telepresence via phone of the following Directors: Dan McQuade and Mike Kolloway.

II.     The following corporate actions were taken by appropriate motions duly made, seconded and adopted by all Directors present: adoption and approval of the Resolution to enter into a Deferred Prosecution Agreement with the United States of America.

There being no further business, the meeting was adjourned.

Judith Herman, Secretary

**TISHMAN CONSTRUCTION CORPORATION**
**NOTICE OF MEETING OF THE BOARD OF DIRECTORS TO BE HELD ON**
**November 27, 2015**

Members of the Board of Directors:

In accordance with the General Corporations law of Delaware and the by-laws of Tishman Construction Corporation (the "**Company**"), a special meeting of the Board of Directors of the Company will be held on **November 27, 2015**, at **10:00 a.m., (EST)**, at 100 Park Avenue, New York, NY.

The following business will be transacted at the meeting:
    To discuss entering a Deferred Prosecution Agreement with the United States of America

Members of the Board may participate in this meeting via telephone conference call by dialing: **(866) 203-6896** and using the following code **3123736603.**

Tishman Construction Corporation

Judith Herman, Secretary
November 24, 2015

## CERTIFICATE OF SECRETARY

The undersigned, Judith Herman, hereby certifies that she is the duly elected and acting Secretary of Tishman Construction Corporation, a DE corporation ("Company"), and that incorporated herein is a true and correct copy of resolutions duly adopted by the Board of Directors of the Company at a meeting duly held on November 27, 2015 which resolutions have not been amended or modified, and remain in full force and effect at this date.

IN WITNESS WHEREOF, the undersigned has executed this Certificate as of this 27th day of November, 2015.

(CORPORATE SEAL)

Judith Herman, Secretary